UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

RACHEL E. LEVINE,

       Plaintiff,

v.

TRINITY HEALTH-MICHIGAN and
MERCY HEALTH PARTNERS,

       Defendants.
                              /

Case No.  1:13-CV-777

HON. GORDON J. QUIST

## **OPINION**

On July 18, 2013, Plaintiff filed a *pro se* complaint alleging a claim under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*.  On August 20, 2013, Defendants filed a motion to dismiss the complaint for failure to state a claim.  Plaintiff has not responded to the motion within the time for doing so.  *See* W.D. Mich. L. Rule Civ. P. 7.2(c).

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The Court must accept all of Plaintiff's well-pleaded factual allegations as true and construe them in a light most favorable to Plaintiff to determine whether the complaint establishes a valid basis for relief.  *See Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996).  However, this rule does not apply to legal conclusions or unwarranted factual inferences.  *Severe Records, LLC v. Rich*, 658 F.3d 571, 578 (6th Cir. 2011).  The complaint

must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678. 129 S. Ct. 1937, 1949 (2009). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972), and accept her allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992).

Plaintiff's complaint centers around her termination. She appears to claim that she was terminated based on absences from work, and that these absences were due to broken hearing aids and a flare-up of her Meniere's disease. She states that she is "93% deaf and cannot work/function without [her hearing aids]." She further alleges that, if the days that she missed due to her broken hearing aids and Meniere's disease had not been used against her, Defendants would not have had grounds to terminate her.

To make out a prima facie case of discrimination under the ADA, Plaintiff must show: (1) she was disabled; (2) she was otherwise qualified to perform the essential functions of her position; (3) she suffered an adverse employment action; (4) her employer knew or had reason to know of her disability; and (5) either the position remained open or a non-disabled person replaced her.

*Gecewicz v. Henry Ford Hosp.*, 683 F.3d 316, 321 (6th Cir. 2012). An individual is otherwise qualified if she "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 1211 (8). "An employee who cannot meet the attendance requirements of the job at issue cannot be considered a 'qualified' individual protected by the ADA." *Gantt v. Wilson Sporting Goods Co.*, 143 F.3d 1042, 1047 (6th Cir. 1998).

Plaintiff has not alleged that she was a qualified individual under the ADA. Plaintiff alleges that she was terminated based on her failure to meet the attendance requirements of her employer, and that the days that she missed work were attributable to her broken hearings aids and her Meniere's disease. By her own admission, Plaintiff was unable to meet the attendance requirement of her employer. *See Brenneman v. MedCentral Health Sys.*, 366 F.3d 412, 420 (6th Cir. 2004) (holding that the plaintiff could not successfully assert an ADA claim because his excessive absenteeism rendered him unqualified for his position). Moreover, Plaintiff has not alleged that she sought a reasonable accommodation from her employer. *See Jakubowski v. Christ Hosp., Inc.*, 627 F.3d 195, 202 (6th Cir. 2010) (noting that a disabled employee has the burden of proposing an accommodation, proving that it is reasonable, and showing that he can perform the essential functions of the position with the accommodation). Accordingly, Plaintiff has not alleged a valid claim under the ADA.

Because Plaintiff has not alleged a claim under the ADA, the Court will grant Defendant's motion to dismiss.

An Order consistent with this Opinion will enter.

Dated: October 3, 2013                              /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE

3